**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRANK BRETT,

    Plaintiff,

v.                               Case No. 8:26-cv-1292-TPB-LSG

ILLEGIBLE DEFENDANTS,

    Defendants.

_____/

**ORDER DISMISSING COMPLAINT; and**

**VEXATIOUS LITIGANT ORDER**

This matter is before the *sua sponte*. Plaintiff Frank Brett has filed a *pro se* complaint against many individuals and entities.  After reviewing the complaint, court file, and the record, the Court finds as follows:

The complaint, frankly, is nonsense.  It is largely not legible, and the parts that are readable are confusing at best.  Brett appears to complain about a series of conspiracies and alleged crimes that allegedly occurred over decades, and he includes random newspaper clippings with no context.  There are no available causes of action, and there is absolutely no relief that the Court could or would grant based on the few legible allegations.

But these problems are not new.  In fact, Brett has been a frequent and frivolous filer within this district, and all of his prior cases have been dismissed due to either frivolity or his failure to file legible complaints.[1]  To be clear, absolutely

---

[1] *See, e.g.*, *Brett v. Biden*, No. 8:25-cv-2279-MSS-CPT (M.D. Fla. 2025); *Brett v. Trump*, No. 8:24-cv-1428-TJC-UAM (M.D. Fla. 2024); *Brett v. Miscellaneous Defendants*, No. 3:22-cv-495-MMH-

none of his cases have survived judicial scrutiny.

Brett has already been restricted from filing within two divisions of this District – the Orlando Division and the Ocala Division. *See Brett v. Don Trump*, No. 5:25-cv-281-TJC-PRL (M.D. Fla. 2024) (Doc. 5) (prohibiting Brett from filing within the Ocala Division); *Brett v. Rodriguez*, No. 6:17-cv-313-GKS-KRS (M.D. Fla. 2017) (Doc. 9) (prohibiting Brett from filing within the Orlando Division). Brett has also been barred from filing in other districts.[2] *See Brett v. Powel*, No. 0:16-cv-60485-KMM (S.D. Fla. 2016) (Doc. 5) (prohibiting Brett from filing within the Southern District of Florida).

The Court now joins these districts and divisions in declaring Brett a vexatious litigant subject to filing restrictions, and it extends the filing restrictions to the entire Middle District to Florida.

## VEXATIOUS LITIGANT ORDER

When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no

---

PDB (M.D. Fla. 2022); *Brett v. U.S. Marshal Livingston*, No. 6:14-cv-594-Orl28TBS (M.D. Fla. 2014). This case list is not exhaustive – the list merely provides a very small sample of the large amount of frivolous cases filed by Brett.

[2] Brett is likely on his way to being barred in other districts. *See Brett v. U.S. Marshall Bill*, No. 2:16-cv-4028-SVW-KES (C.D. Cal. 2016) (Doc. 5) (describing 143 lawsuits filed by Brett in federal courts across the United States, including the District of Columbia, Delaware, Florida, Maryland, North Carolina, New Jersey, New York, Pennsylvania, South Carolina, and Virginia).

connection to the parties they choose to sue.  In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

Judges have been generally successful in stopping parties represented by counsel from using the courts for improper purposes.  However, *pro se* litigants who attempt to use the courts for improper purposes present a significant challenge to courts throughout the country.  On one hand, courts must be open and available to all, including those who choose to represent themselves, and the law directs that *pro se* filings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  On the other hand, some experienced and savvy *pro se* litigants, proceeding in bad faith, understand this directive and attempt to exploit it to their advantage.  Furthermore, the line between *pro se* parties struggling in good faith to pursue legitimate claims and those proceeding in bad faith with vexatious litigation is not always clear.  As such, many courts choose to give *pro se* parties "the benefit of the doubt" and are reluctant to act even when there is evidence *pro se* parties are using the courts for improper purposes. Experienced and savvy *pro se* litigants also understand this judicial reluctance to act and attempt to exploit it to their advantage.

It is very clear that the plaintiff in this action is not proceeding in good faith and is attempting to use the courts for improper purposes.    "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction

from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F. 2d 1069, 1073 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984)).  Judges have various tools available to address vexatious activities in their courts.  These include, among other things, the ability to strike pleadings, impose monetary sanctions, impose pre-filing screening requirements, and the power of contempt.  In most cases, the threats of monetary sanctions and reporting lawyers to bar regulatory authorities are sufficient to stop improper behavior. However, those approaches do nothing to stop *pro se* litigants who are not members of the bar, or who have no assets and are, for practical purposes, judgment-proof.  For these individuals, admonishment by a judge or the imposition of a monetary sanction means nothing and does nothing to deter vexatious conduct.  In these cases, a more direct approach is required.

The Eleventh Circuit has recognized that the "All Writs Act" (28 U.S.C. § 1651) empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993).  The Eleventh Circuit has affirmed various injunctions — such as pre-filing screening restrictions — against vexatious litigants.  *Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider, among other factors: (1) the litigant's history of litigation, and in particular, whether it involved vexatious, harassing, or duplicative

lawsuits; (2) the litigant's motive in pursing the litigation, including whether they have an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel, and (4) whether other sanctions would be appropriate to protect the interests of the courts and other parties. *Ray v. Lowder*, No. 5:02-cv-316-Oc-10GRJ, 2003 WL 22384806, at * 2 (M.D. Fla. Aug. 29, 2003).

Upon consideration of these factors, the Court concludes that Plaintiff Frank Brett is a vexatious litigant and that sanctions are appropriate.  He cannot have an objective good faith expectation of prevailing on his claims.  Brett is imposing unnecessary burden on the parties he is suing, and on the courts and their personnel. He is wasting valuable judicial resources with his frivolous filings.  Moreover, Brett has been previously warned about his conduct but, apparently, does not care and continues to file frivolous lawsuits.  In these circumstances, the Court finds it appropriate to enjoin Brett from filing any action, compliant, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.

Where, as here, a litigant is obviously not proceeding in good faith, courts have no choice but to act.  Courts are, understandably, reluctant to act decisively for fear of extinguishing the rights of *pro se* litigants to pursue legitimate claims.  But this concern should not outweigh the rights of innocent parties that are forced to expend valuable time and resources defending claims that should never have been brought in the first place.

This is particularly true when dealing with savvy and experienced *pro se* litigants, such as Brett, who understand the legal system's reluctance to sanction them and use it to their advantage. These individuals engage in vexatious conduct that would never be tolerated from even a first-year lawyer. As these *pro se* parties know from their own prior litigation experience, courts will generally give them the benefit of the doubt and there will be few or no consequences to their actions.

If judges allow the court system to be weaponized by any party for improper purposes, the public is not well-served. The results are disastrous and unfair to the parties and to the court system itself. Judicial time and resources are wasted responding to phone calls, e-mails, letters, and voluminous pleadings and filings of various sorts. These resources are, of course, diverted from legitimate, meritorious claims. But perhaps more importantly, parties defending claims brought by a *pro se* vexatious litigant are penalized because they are required to expend their own time and resources they can never get back even if the case is eventually dismissed, and they have no possibility of ever being compensated for their losses because the *pro se* litigant is judgment-proof. In this way, the vexatious litigant always wins – even if he "loses" his case.

Judges have a responsibility to ensure the courts remain open to all to pursue claims in good faith. They have an equally important responsibility to ensure courts are not abused for improper purposes.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff Frank Brett's complaint (Doc. 1) is **DISMISSED**, without leave to

amend.

2. Frank Brett is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and he is **ENJOINED** and **PROHIBITED** from filing any new document – including, but not limited to, any action, complaint, petition, or motion – in the Middle District of Florida without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed, except for filings in currently pending cases.

3. Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Brett must attach to each and any such motion: a copy of any proposed complaint, petition, or other document; (2) a copy of this Order; and (3) a certification – under oath – that there is a good faith basis for filing any complaint, petition, or other document.

4. In the event that the senior Magistrate Judge's review results in a finding that Brett's action is not frivolous, then the Magistrate Judge shall direct the Clerk to file his case and assign in according to the normal procedures.

5. In the event that the senior Magistrate Judge's review results in a finding that Brett's action is frivolous, that action will not be filed with the Court but instead will be returned to Brett.

6. Should Brett violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

7. Brett is further warned that the continued submission of further frivolous filings may result in the imposition of additional sanctions, including monetary sanctions. *See* 28 U.S.C. § 1651.

8. The Clerk of Court shall send a copy of this Order to all divisions of the Middle District of Florida.

9. The Clerk of Court is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2026.

UNITED STATES DISTRICT JUDGE